## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUARANTEE COMPANY OF NORTH AMERICA USA, | |
| *Plaintiff*, | |
| v. | Civil Action No. 19-1601 (TJK) |
| LAKOTA CONTRACTING INC. *et al.*, | |
| *Defendants*. | |

## <u>MEMORANDUM OPINION</u>

This case involves a commercial dispute resulting from Defendants' alleged default on their Indemnity Agreement with Plaintiff Guarantee Company of North America USA. Months after being ordered to do so, Defendants *still* have produced no discovery to Plaintiff and the defendant corporations *still* have failed to retain counsel to represent them. Plaintiff has renewed its motion for sanctions against Defendants. For the reasons explained below, the Court now enters default judgment on Count I of Plaintiff's Amended Complaint against all Defendants.

**I.     Background**

Plaintiff filed its original Complaint on May 31, 2019 against Lakota Contracting Inc. d/b/a NCF Interiors, National Commercial Flooring, Inc., and JRH Avion Park, LLC ("Corporate Defendants") and Reza and Roya Amirghaffari ("Individual Defendants"). ECF No. 1. After Defendants filed no responsive pleadings, the Clerk of Court entered default against them. Plaintiff then moved for default judgments against Defendants. ECF No. 27, 30. On November 26, 2019, Defendants moved to vacate the Clerk's entry of default. ECF No. 33. They explained they had encountered conflict issues that prevented them from obtaining counsel and were also delayed in responding to the Complaint because of hardship arising from family health issues

and the death of a family member.  *Id.* ¶ 7.  The Court granted their motion, vacated the default entries, and denied Plaintiff's motion for default judgments.  *See* Minute Order of September 23, 2020.

The Court entered an agreed upon Scheduling Order at the end of October.  ECF No. 46. Under that order, discovery was scheduled to close on April 30, 2021.  Plaintiff served its first set of interrogatories and document requests on all Defendants on October 30, 2020.  ECF No. 57 ¶ 8.  It then filed an Amended Complaint on November 10, 2020.  ECF No. 48.  On November 23, 2020, Defendants filed a consent motion to stay proceedings for thirty days "pending ongoing settlement discussions."  ECF No. 49 at 1.  The Court granted that motion and stayed all deadlines until December 21, 2020.  *See* Minute Order of November 24, 2020. Defendants then filed a second consent motion, this time requesting to extend the existing stay until January 15, 2021, to "continue discussions as part of a mutual effort to resolve the case without further proceedings."  ECF No. 50 at 1.  The Court again granted that motion but also ordered Defendants to file responsive pleadings to Plaintiff's Amended Complaint by January 15, 2021.  *See* Minute Order of December 29, 2020.

The parties did not resolve the dispute.  On January 19, 2021—four days after the Court's deadline to file responsive pleadings—Defendants finally answered Plaintiff's Amended Complaint.  ECF No. 51.  They also moved for an extension of time to respond to Plaintiff's discovery request.  ECF No. 52.  Defendants justified their request by stating they had committed their resources to settling the lawsuit and needed more time to turn back to the discovery requests.  *Id.* ¶ 7.  Plaintiff opposed the request in part.  ECF No. 53.

On January 29, 2021, the Court granted Defendants' motion and ordered that Defendants "provide written responses, objections, and documents responsive to Plaintiff's First Discovery

Requests by February 15, 2021." *See* Minute Order of January 29, 2021.  In response to the

Court's Order, Plaintiff filed a joint motion to amend the Scheduling Order.  ECF No. 55.  The

Court granted the motion and set the following schedule:  "(1) Plaintiff's Fed. R. Civ. P. 26(a)(2)

expert disclosures [] due by March 31, 2021, (2) Defendants' Fed. R. Civ. P. 26(a)(2) expert

disclosures [] due by April 30, 2021, (3) Plaintiff's Fed. R. Civ. P. 26(a)(2) rebuttal expert

disclosures [] due by May 31, 2021, and (4) Discovery shall close by June 30, 2021." *See*

Minute Order of February 15, 2021.

Defendants did not provide any discovery by February 15.  On February 17, two days

afterward, counsel for Defendants moved to withdraw.  ECF No. 56.  Counsel represented that

Defendants had "not responded to the outstanding discovery, nor ha[d] they provided the

information and data necessary for undersigned counsel to formulate such discovery responses,

though they ha[d] been asked repeatedly for that data and been notified of the potential

consequences of not doing so." *Id.* ¶ 9.  Counsel also informed the Court that they had notified

Defendants of their intent to withdraw on February 16, 2021 and certified that they had provided

notice and a copy of the motion to withdraw to Defendants as required under Local Civil Rule

83.6(c). *Id.* ¶ 13, at 7.  The notice advised Defendants to obtain alternative counsel or to notify

the Clerk of Court in writing within seven days of service of the notice of their objection to

counsel's withdrawal. *Id.* at 7; LCvR 83.6(c).

The Court did not receive any objection from Defendants by March 9, 2021.  Thus, it

granted the motion to withdraw. *See* Minute Order of March 9, 2021.  The Court instructed

Corporate Defendants that they could not proceed pro se and had to obtain new counsel. *Id.*  The

Court also set a briefing schedule for any motion related to Defendants' failure to comply with

the February 15, 2021, discovery deadline the Court set on January 29, 2021. *Id.*  Plaintiff timely

moved for sanctions on March 26, 2021.  Defendants did not respond to the motion.  Nor did they try to cure their failure by responding to Plaintiff's discovery requests.

The Court held a hearing on the motion for sanctions on April 13, 2021.  Defendants did not appear at the hearing.  Citing Defendants' behavior in the litigation, failure to comply with the Court's discovery orders and other deadlines, and non-appearance at the sanctions hearing, the Court found that Defendants were "all but refusing to participate in the litigation process." Hearing Tr. 12:2–4 (April 13, 2021) ("Tr.").[1]  As a sanction, the Court dismissed Defendant Lakota Contracting, Inc.'s counterclaims against Plaintiff with prejudice, *id.* 13:5–19; 15:11–15, and ordered that Defendants pay the fees and costs associated with Plaintiff's motion for sanctions.  *Id.* at 14:1–6; 15:16–20; Minute Order of April 13, 2021.

The Court also vacated the existing Scheduling Order and ordered Plaintiff to file a status report by May 13, updating the Court as to the status of any discovery production, whether Defendants had obtained counsel, and how Plaintiff thought the case should proceed.  Tr. 14:13–23; 15:24–16:10; Minute Order of April 13, 2021.  The Court noted that, if the status quo had not changed by May 13, Plaintiff could move for default.  Tr. 14:22–15:3.  The Court also again ordered Corporate Defendants to obtain counsel or face the risk of default judgment.  *Id.* 15:21–23; Minute Order of April 13, 2021.

Plaintiff timely filed its status report on May 13.  *See* ECF No. 58.  Plaintiff informed the Court that Defendants had still not produced any discovery and that, pursuant to a letter Defendants sent to the Court and Plaintiff, neither the Individual nor Corporate Defendants had obtained counsel.  *Id.* ¶¶ 1–3.  Plaintiff renewed its motion for sanctions and requested that the

---

[1] All citations to the transcript of the April 13, 2021 hearing are to a rough draft of the transcript, since a final version is unavailable.

Court enter default judgment against Corporate Defendants on Count I of the Amended

Complaint.  *Id.* ¶ 9.  Plaintiff also requested that the Court enter one or more of the sanctions

available under Federal Rule of Civil Procedure 37 against all Defendants.  *Id.* ¶ 10.

The Court later received a letter from Defendant Reza Amirghaffari (a copy of which

Plaintiff had attached to its status report).  In the letter, Amirghaffari explained that he was

writing on behalf of himself and the other defendants as the "managing member of Defendant

JRH Avion Park, LLC, an agent of Defendants Lakota Contracting Inc. and National

Commercial Flooring, Inc., and an immediate family member of Defendant Roya Amirghaffari."

ECF No. 59 at 1.  Amirghaffari acknowledged the Court's March 9, 2021, Minute Order granting

Defendants' counsel's motion to withdraw and the Court's April 13, 2021, Minute Order

ordering Corporate Defendants to obtain counsel but represented that all Defendants had been

unable to retain counsel because of "conflict issues."  *Id.*

Amirghaffari also represented that Defendants had retained another law firm to "review

the financial position of each defendant as we anticipate that some or all will be filing an

appropriate federal insolvency proceeding."  *Id.*  He requested thirty days "to obtain counsel to

enter an appearance on this case, and also to complete the financial review and file an insolvency

case or cases as determined to be appropriate."  *Id.*  The letter provided no explanation why

Amirghaffari or any of the other Defendants failed to respond to Plaintiff's discovery requests,

failed to timely respond to the motion for sanctions, and failed to appear at the April 13, 2021,

sanctions hearing.

## II.   Legal Standard

A district court may impose sanctions for failure to comply with its orders relating to

discovery.  Rule 37(b) instructs that a court may, among other things, strike "pleadings in whole

or in part," dismiss an "action or proceeding in whole or in part" or render "a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (v), (vi). A court must also either "[i]nstead of or in addition to" other sanctions, "order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the [disobedient party's] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"District courts have 'broad discretion to impose sanctions for discovery violations.'" *U.S. Sec. & Exch. Comm'n v. E-Smart Techs., Inc.*, 2013 WL 12327515, at *1 (D.D.C. Dec. 2, 2013) (quoting *Bonds v. Dist. of Columbia*, 93 F.3d 801, 807 (D.C. Cir. 1996)). "The central requirement of Rule 37 is that any sanction must be just, which requires in cases involving severe sanctions that the district court consider whether lesser sanctions would be more appropriate for the particular violations." *Bonds*, 93 F.3d at 808 (quotation omitted). Thus, "a default judgment must be a 'sanction of last resort,' to be used only when less onerous methods . . . will be ineffective or obviously futile." *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998) (citation omitted).

"Three basic justifications support the use of default judgment among the Rule 37 sanctions." *Carazani v. Zegarra*, 972 F. Supp. 2d 1, 12 (D.D.C. 2013). And any one of them alone can be the basis for entering default judgment. *See Webb*, 146 F.3d at 971; *U.S. Bank Nat'l Ass'n v. Poblete*, 2017 WL 598471, at *5 (D.D.C. Feb. 14, 2017). First, default judgment may be justified where the "errant party's behavior has severely hampered the other party's ability to present his case." *Webb*, 146 F.3d at 971 (citing *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1074 (D.C. Cir. 1986)). Second, such sanction is warranted when the party's delay places "an intolerable burden on a district court by requiring the court to modify its own docket

and operations in order to accommodate the delay." *Id.* (quoting *Shea*, 795 F.2d at 1075).  And finally, default judgment may be appropriate when the court must "sanction conduct that is disrespectful to the court and to deter similar misconduct in the future."  *Id.* (quoting *Shea*, 795 F.2d at 1077).  A court entering default judgment "must explain why a lesser sanction is inadequate, [but] has no duty to impose it first, entering default judgment only after the lesser sanction fails."  *Wash. Metro. Area Transit Comm'n ("WMATC") v. Reliable Limousine Serv., LLC,* 776 F.3d 1, 7 (D.C. Cir. 2015).  In those cases when a court has entered a default judgment, "the disobedient party typically has engaged in a pattern of noncompliance with court orders so that no lesser sanction is warranted."  *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 36 (D.D.C. 2004) (citation omitted).

## III.   Analysis

Any of the three justifications outlined by *Webb* support entering default judgment against both Corporate and Individual Defendants.  First, Defendants have violated virtually every Order entered by this Court since December 29, 2020, which has eviscerated Plaintiff's ability to present its case.  *See U.S. Sec. & Exch. Comm'n v. China Infrastructure Investment Corp.*, 189 F. Supp. 3d 118, 130 (D.D.C. 2016) (entering default judgment sanction where defendants violated three court orders over eight-month period).  Defendants answered Plaintiff's Amended Complaint four days after the Court-imposed deadline.  They then failed to provide written responses, objections, and documents responsive to Plaintiff's discovery requests by February 15, 2021—or at any time since then—in violation of the Court's Minute Order of January 29.  Despite the Court's repeated warnings that the Corporate Defendants could not proceed pro se and must find new counsel, they have not done so.  *See* Minute Order of March 9, 2021; Minute Order of April 13, 2021.  Defendants also failed to respond to Plaintiff's motion

for sanctions by the Court-ordered deadline of April 9, 2021. *See id.* And finally, Defendants did not appear at the April 13, 2021, sanctions hearing.

The upshot of all of this is that to this day, Plaintiff has not received the discovery responses to which it is entitled. And while Reza Amirghaffari represents that Corporate Defendants have had trouble obtaining counsel because of conflicts issues, it is unclear whether his personal representations can be attributed to Corporate Defendants for these purposes. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."). And even if they could, his letter's cursory reference to "conflict issues" cannot justify both Corporate and Individual Defendants' wholesale failure to comply with their discovery obligations and participate in this litigation, which has made it all but impossible for Plaintiff to present its case. Plaintiff has received no discovery from Defendants. And on this record, there is no reason to expect it will. *See Carazani*, 972 F. Supp. 2d at 14 (first *Webb* factor supported entry of default judgment where defendant did not respond to discovery requests or communication attempts).

Second, Defendants' refusal to abide by the Court's orders has burdened judicial resources by (1) requiring the Court to modify its own schedule, (2) delaying these proceedings, and (3) requiring the Court to devote time to managing Defendants' misbehavior. *See China Infrastructure*, 189 F. Supp. 3d at 130–31 (second *Webb* factor supported entering default judgment because "defendants' "conduct ha[d] unreasonably delayed this case"). Time and resources the Court has had to spend on Defendants' contumaciousness can never be recovered and applied toward resolving other matters. In our "era of crowded dockets, [Defendants' actions have deprived] other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism." *WMATC*, 776 F.3d at 5 (quoting *Perkinson v. Gilbert/Robinson, Inc.*,

821 F.2d 686, 691 (D.C. Cir. 1987)).  And the Court can "no longer allow the case to be delayed to [Defendants'] benefit."  *Carazani*, 972 F. Supp. at 15.  *See also China Infrastructure*, 189 F. Supp. 3d at 130–31 (default judgment appropriate where defendants' behavior "completely stalled litigation").

Third, Defendants' conduct is both disrespectful to the Court and requires deterring in the future.  "Discovery sanctions serve two purposes: punishing disobedient parties and deterring others from emulating their behavior."  *WMATC*, 776 F.3d at 6.  Defendants' "disrespect for the Court is demonstrated not only by their failure to respond to [Plaintiff's] discovery requests, but also by their disregard of the [February 15, 2021] discovery deadline, their failure to respond to [Plaintiff's sanctions] motion by the court-ordered deadline, and their failure to appear at the [April 13 motion] hearing."  *Perez v. Berhanu*, 583 F. Supp. 2d 87, 91 (D.D.C. 2008).  After weighing the entire record here, including Corporate Defendants' related failure to obtain counsel, the Court concludes that "the extreme disregard defendants have shown for their discovery obligations and the schedule set by this Court shows that a court order to comply with deadlines or to take some other corrective action is unlikely to deter future misconduct."  *Id.* Further, because the Court has already fruitlessly accommodated Defendants in the past, by granting their motion to vacate entries of default against them, extending the discovery deadlines to provide them additional time to respond, and holding off on entering default judgment against them even after they failed to appear at the hearing on Plaintiff's motion for sanctions, it has "no reason to expect that, if it grant[s another accommodation, Defendants] would meet [their] discovery responsibilities."  *WMATC*, 776 F.3d at 5 (citing *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C. Cir. 1981)).

A Court entering default judgment as a sanction under Rule 37 need not exhaust lesser sanctions before entering default judgment, but it must explain why a lesser sanction is inadequate. *WMATC*, 776 F.3d at 7.  Here, a sanction less than default judgment would be inadequate for several reasons.  The Court already sanctioned one of Corporate Defendants over a month ago by dismissing its counterclaim with prejudice, but since then neither that Corporate Defendant nor any other Defendant has remedied its noncompliance with the Court's orders.  In addition, on this record, the Court must conclude that Defendants' misconduct in this case has been willful, in part given the representations of Defendants' prior counsel. *See WMATC*, 776 F.3d at 4 ("A default judgment is inappropriate unless the litigant's misconduct is accompanied by 'willfulness, bad faith, or fault.'") (quoting *Founding Church of Scientology v. Webster*, 802 F.2d 1448, 1458 (D.C. Cir. 1986)).  To repeat: there is no evidence before the Court that Defendants have ever meaningfully engaged in the discovery process.  And indeed, Amirghaffari's letter seems to wrongly suggest that Defendants need not comply with the discovery orders of this Court because of potential future bankruptcy proceedings relating to the Defendants.  In any event, he never even attempts to explain Defendants' failure to engage in the discovery process.  Consequently, "there is no reason to believe that defendants will be responsive to any future orders." *Perez*, 583 F. Supp. 2d at 91–92.  Where, "as here, a defendant has ignored multiple orders by the Court, and the Court's express warning of default judgment, no lesser sanction is warranted." *U.S. Bank*, 2017 WL 598471, at *6.  Therefore, the Court will enter default judgment against all Defendants for their repeated failure to abide by the Court's discovery orders, including Corporate Defendants' failure to retain counsel to facilitate the discovery process. *See Flynn*, 311 F. Supp. 2d at 37–38 (entering default judgment because

corporation "deliberately refused to retain counsel despite this court's unambiguous warning and order").

**IV.    Conclusion**

For all these reasons, Plaintiff's renewed motion for sanctions will be granted, and the Court will enter default judgment on Count I of Plaintiff's Amended Complaint against all Defendants.  The Court will also order that Defendants pay Plaintiff's reasonable expenses incurred in renewing its motion for sanctions.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: May 21, 2021